IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| MICHELE BURKE CRADDOCK, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 3:16-cv-11 |
| | ) |
| LECLAIR RYAN, A PROFESSIONAL | ) |
| CORPORATION | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S MOTION TO CONFRIM ARBITRATION AWARD**

COMES NOW Plaintiff Michele Burke Craddock ("Plaintiff" or "Craddock"), by counsel, and for her Memorandum in Support of Plaintiff's Motion to Confirm Arbitration Award [attached hereto as Exhibit 1] states as follows:

**PROCEDURAL BACKGROUND**

On January 6, 2016 Plaintiff filed her Complaint [Doc. 1] in this matter alleging gender-based employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, as amended, including the Lilly Ledbetter Fair Pay Act of 2009, and the Equal Pay Act ("EPA"), 29 U.S.C. §§ 206(d) *et seq.* against her former employer Defendant LeClairRyan, P.C. ("Defendant" or "LeClairRyan"). Thereafter, on January 22, 2016, LeClairRyan filed a Motion to Dismiss and Compel Arbitration [Doc. 7]. In its Motion, LeClairRyan relied on an arbitration provision contained in its Second and Third Amended and Restated Shareholder Agreement(s). *See* Brief in Support [Doc. 8] at pg. 3-4; attached hereto, with LeClairRyan's Arbitration Demand, as Exhibit 2. Following briefing, on April 12, 2016, the

Court issued a Memorandum Opinion [Doc. 14] and Order [Doc. 15] granting Defendant's Motion to Dismiss and Compel Arbitration.

Plaintiff appealed the decision to the Fourth Circuit Court of Appeals [Doc. 16]. The Fourth Circuit issued an unpublished *per curiam* opinion [Doc. 18] holding that this court's order [Doc. 15] had stayed the district court proceedings pending arbitration, rather than dismissing the action. Therefore, the appeal was dismissed for lack of jurisdiction. *See* [Doc. 18].

The parties proceeded to an arbitration of Plaintiff's Title VII and EPA claims [attached hereto as Exhibit 3] and Defendant's request for declaratory relief [Exh. 2]. The arbitration was conducted by the American Arbitration Association (the "AAA") and presided over by a three arbitrator panel consisting of the Hon. Rosemarie Annunziata (ret.), Hon. F. Bradford Stillman (ret.)[1], and Linda Singer, Esq. *See* Order No. 1 attached as Exh 4. The arbitration hearing on the merits was held at the offices of Kaufman & Canoles in Richmond, Virginia beginning on January 15, 2018 and concluding on January 26, 2018.

The parties' post-hearing briefing was submitted to the panel on April 2, 2017. Following two consent extensions [attached hereto as Exhibit 6], the panel issued its Interim Award on June 15, 2018, with direction to brief the award of statutory attorneys' fees and costs. Following briefing on the issues of attorney's fees and costs, on September 28, 2018, the AAA issued the unanimous Final Award [Exh. 1] of the panel granting Craddock:

1) Damages in the sum of $274,748.00, representing an award of back pay, and compensatory damages in the sum of $20,000, plus interest on these sums compounded at a rate of 6% from January 1, 2015.

---

[1] Judge Stillman replaced the Hon. Jerome Friedman (ret.) on December 29, 2017 as LeClairRyan's appointed arbitrator, with the consent of the parties and panel, due to Judge Friedman's unavailability for the January 2018 merits hearing. *See* Exh. 5.

    2) Attorneys' fees in the sum of $701,076.41, and costs in the sum of $48,492.64,

with interest at a rate of 6% from the date of the Final Award.

The panel's Final Award is supported by a forty-four (44) page written analysis of the relevant procedural history, evidence, testimony, and case law. *See* Exh 1.

## LEGAL STANDARD

The Federal Arbitration Act ("FAA") specifically provides for the entry of a court order and judgment confirming an arbitration award. *See* 9 U.S.C. § 9. The FAA states in pertinent part that:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9. The FAA further specifics that upon a petition or motion to confirm an arbitration award the moving party shall file: (a) the arbitration agreement, the selection of additional arbitrator(s), and written extensions of time for issuance of the award (b) the award, and (c) any notice to confirm, modify, or correct the award and any order issued thereon. 9 U.S.C. § 13.

Federal courts favor arbitration agreements and awards stemming from such agreements. *Wichard v. Suggs*, 95 F. Supp. 3d 935 (E.D. Va. 2015) (citing *Arrowhead Global Solutions, Inc. v. Datapath, Inc.*, 166 F. App'x 39, 43 (4th Cir. Feb. 3, 2006) (unpublished *per curiam*). The Fourth Circuit has confirmed this presumption, instructing that confirmation proceedings are intended to be perfunctory and involve limited inquiry by the court. *See Elevation Franchise Ventures, LLC v. Rosario*, 2013 U.S. Dist. LEXIS 160701 *18 (E.D. Va. Sept. 20, 2013) (citing *Remmey v. PaineWebber, Inc.*, 32 F.3d 143, 146 (4th Cir. 1994) ("[I]n reviewing arbitral awards,

a district or appellate court is limited to determining whether the arbitrators did the job they were told to do—not whether they did it well, or correctly, or reasonably, but simply whether they did it.")).

## ARGUMENT

The arbitration provision LeClairRyan relies on provides, in pertinent part:

> The decision in writing of at least two of the three arbitrators shall be final and binding upon the parties. The arbitrator or arbitrators may grant injunctions or other relief in such dispute or controversy. The decision of the arbitrator shall be final, conclusive and binding on the parties to the arbitration. Judgment may be entered on the arbitrator's decision in any court having jurisdiction.

*See* Exh. 2. This Court has ongoing jurisdiction pursuant to its Order [Doc. 16] staying this proceeding pending arbitration. Venue is appropriate as LeClairRyan is based in Richmond, Virginia and the arbitration occurred in Richmond, Virginia.

LeClairRyan's arbitration provision(s), and the FAA, specifically allow for entry of judgment by this Court on the Final Award. No grounds for vacating the Final Award pursuant to 9 U.S.C. § 10 exist here. The Final Award has not been vacated, modified, or corrected by the panel or any other court and no grounds for doing so pursuant to 9 U.S.C. § 11 are present here.

Finally, pursuant to 9 U.S.C. § 13, Plaintiff has filed the requisite supporting papers. *See* Exhs. 1-6. *See also*, on the jurisdictional basis for arbitration, the Court's Memorandum Opinion [Doc. 14] and Order [Doc. 15] granting Defendant's Motion to Dismiss and Compel Arbitration and the Fourth Circuit Court of Appeals *per curiam* opinion [Doc. 18] holding that this Court's Order [Doc. 15] had stayed the district court proceedings pending arbitration.

## CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that the Court enter an Order lifting the previously entered stay and confirming the Final Award and enter Judgment against Defendant as follows:

- An award of $274,748.00 in back-pay damages to Plaintiff, plus interest at a rate of 6% compounded from January 1, 2015;

- An award of $20,000.00 in compensatory damages to Plaintiff, plus interest at a rate of 6% compounded from January 1, 2015; and

- An award of $701,076.41 in attorneys' fees and $48,492.64 in costs to Plaintiff's counsel, plus interest at rate of 6% from September 28, 2018.

Respectfully submitted,

MICHELE BURKE CRADDOCK,

By: /s/ *Harris D. Butler, III*
Harris D. Butler, III, (VSB No. 26483)
Paul M. Falabella (VSB No. 81199)
Butler Royals, PLC
140 Virginia Street, Ste. 302
Richmond, Virginia 23219
(804) 648-4848 (Telephone)
(804) 237-0413 (Facsimile)
harris.butler@butlerroyals.com
paul.falabella@butlerroyals.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 1st day of October, 2018, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    John M. Bredehoft, Esq.
    Kaufman & Canoles, P.C.
    150 W. Main Street, Suite 2100
    Norfolk, Virginia 23510

    Randy C. Sparks, Esq.
    Kaufman & Canoles, P.C.
    Two James Center
    1021 East Cary Street, Suite 1400
    Richmond, Virginia 23219

    *Counsel for Defendant*

      /s/ *Harris D. Butler, III*
      Harris D. Butler, III, (VSB No. 26483)
      Butler Royals, PLC
      140 Virginia Street, Ste. 302
      Richmond, Virginia 23219
      (804) 648-4848 (Telephone)
      (804) 237-0413 (Facsimile)
      harris.butler@butlerroyals.com